IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  07-30091 |
| RICKEY E. WEIR, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Rickey E. Weir's Motion to Dismiss (d/e 64).  For the reasons set forth below, the Motion is DENIED.

Rickey Weir's wife Janet Despot, M.D., owned and operated Weir's co-defendant Cardinal Respiratory, P.C. (Cardinal).  Weir was an employee of Cardinal.  The Government investigated Weir, Despot, and Cardinal for fraudulent billing practices.  The Government commenced civil enforcement proceedings against Despot, Weir, and Cardinal. <u>United States v. Despot, et al.</u>, Case No. 06-3258.  In August 2007, the Government agreed to temporarily forego civil forfeiture proceedings if Weir, Despot, and Cardinal

1

agreed to put $3,200,000.00 in escrow.  See Motion, Exhibit A, Letter dated August 15, 2007, from Assistant U.S. Attorneys Patrick J. Hansen and Eric Long to James Potter.  Weir, Despot, and Cardinal established the escrow account with the law firm of Londrigan, Potter, and Randle, P.C., as escrow agent.  Motion, Exhibit B, Trust Agreement dated August 24, 2007 (Trust).  Under the terms of the Trust Agreement, either Despot or Weir could direct the escrow agent to disburse funds from the escrow account:

> Any or all of the Trust proceeds shall be paid at the direction of either REW [Weir] or JED [Despot] pursuant to the terms of any fully executed plea agreement and/or settlement with the United States or in satisfaction of a disposition entered against any party ordering the payment of an amount equal to or greater than the amount held in the trust in an civil or criminal proceeding, whether as damages, fines, or restitution, and whether or not said order is entered by agreement, plea, or approval of a civil settlement agreement.

Trust, ¶ 2.A.  Weir presents documents indicating that he transferred $3,200,000.00 from his personal assets.  Motion, Exhibits C, D, and E.

The Government then brought this case against Weir and Cardinal, and a companion case against Despot.  United States v. Despot, Case No. 07-30089.  Cardinal and Despot entered guilty pleas pursuant to plea agreements with the Government.  Minute entry entered October 26, 2007; Plea Agreement entered by Cardinal (d/e 23); Case No. 07-30089 Plea

Agreement entered by Despot (d/e 2) and Minute entry on September 27, 2007. Despot thereafter directed the escrow agent to disburse $2,549,986.00 to the Clerk of this Court pursuant to the terms of the Trust. Motion, Exhibit G, Letter dated October 31, 2007, from Janet Despot to James Potter. The Government later informed the escrow agent that it had no objection to the disbursement of the escrow funds. Motion, Exhibit J, Letter dated February 8, 2008, from Patrick Hansen to James Potter and Douglas Quivey.

The funds were then used to satisfy the fine imposed on Despot and Cardinal, and to make restitution ordered against both Despot and Cardinal. The judgment and sentence of Cardinal further indicated that the restitution was jointly and severally owed by Despot and Cardinal, and also Weir if he is later found guilty of the charges in this case. Motion, Exhibit L, M, and N.

The Motion states that Despot then settled civil claims against her and Cardinal. Pursuant to that settlement, she directed the escrow agent to disburse $312,556.98 to the Clerk of this Court. Motion, Exhibit O, Letter dated November 28, 2008, from Eric Long to J. William Roberts; and Exhibit P, Letter dated December 12, 2008, from Janet Despot to James

Potter.

Weir now moves to dismiss the charges against him because he argues that pursuing the charges would subject him to double jeopardy. He argues that he has already been subjected to punishment because his funds were used to pay the fines and restitution imposed on Despot and Cardinal. He also argues that he is an alter ego of Cardinal, and so, the criminal sanctions imposed on Cardinal are effectively criminal sanctions against him.

Weir presents no authority for the proposition that one who agrees to pay the fine or penalty of another is deemed to have been subjected to the punishment imposed on the other. The argument is meritless. Weir has not been punished; he has not been convicted; he does not suffer the limitations on his liberty imposed on convicted felons; he has no judgment entered against him; he has not been ordered to pay any fines or restitution. At best, he volunteered to pay his wife's fine and the fine imposed on her company, Cardinal. Volunteering to pay a fine is not the same as punishment.

Furthermore, Despot paid the fines and restitution, not Weir. Despot directed the escrow agent to disburse the funds; the Government did not take the money. Despot may have used Weir's money, but he let her. Weir

4

gave Despot the authority to direct the escrow agent to disburse the funds. If Weir did not want his wife to spend the money this way, he should not have signed the Trust Agreement as it was written. If Weir has a complaint, it is with his wife, Despot. The fact that Despot spent her husband's money did not impose criminal punishment on Weir.

Weir's alter ego argument has even less merit. Weir again cites no authority for the proposition. He also had no ownership interest in Cardinal. His only evidence is the fact his potential liability for restitution, if he is convicted, will be joint and several with Cardinal and Despot. This fact, however, imposes no liability on him. He does not owe any of the restitution. He will only owe restitution if he is convicted, and the amount of restitution that he owes will be determined at his sentencing.

THEREFORE, Defendant Rickey E. Weir's Motion to Dismiss (d/e 64) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: January 16, 2009

FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE